# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-3534

_____

Clayton G. Walker

*Plaintiff - Appellant*

v.

Jason Gant, Secretary of State; Marty Jackley, Attorney General; South Dakota

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: May 29, 2015
Filed: June 4, 2015
[Unpublished]

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Clayton G. Walker attempted to run as an independent candidate for United States Senate in 2014. He appeals the district court's[1] dismissal of his complaint, in

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

which he alleged that South Dakota's ballot-access restrictions violated his First and Fourteenth Amendment rights to association and equal protection.

After de novo review, *see Libertarian Party of N.D. v. Jaeger*, 659 F.3d 687, 692-93 (8th Cir. 2011), this court concludes that the state's nominating-petition deadline and signature requirement did not severely burden Walker's associational rights, and were reasonable restrictions that advanced important state interests, *see* S.D. Codified Laws § 12-7-1; *Green Party of Ark. v. Martin*, 649 F.3d 675, 680-81 & n.8 (8th Cir. 2011) (outlining applicable test for associational challenge to ballot-access restrictions); *see also Libertarian Party of N.D.*, 659 F.3d at 694 (crux of analysis is whether minority political parties are afforded real and essentially equal opportunity for ballot qualification). The challenged restrictions also satisfied equal protection, as the state identified compelling interests justifying the differences between the ballot-access requirements for independent and party candidates. *See* S.D. Codified Laws §§ 12-6-4, 12-6-7, 12-6-50, 12-6-51.1; *Libertarian Party of N.D.*, 659 F.3d at 702 (under equal protection analysis, court considers whether any unequal treatment is justified by compelling interest; listing compelling state interests); *see also Anderson v. Celebrezze*, 460 U.S. 780, 788 n.9 (1983) (state has undoubted right to require candidates to make preliminary showing of substantial support to qualify for place on ballot); *cf. Jenness v. Fortson*, 403 U.S. 431, 441-42 (1971) (state is not guilty of invidious discrimination in recognizing differences between needs and potentials of established political party and new or small political organization, and providing different routes to ballot for each).

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____